*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANCH LINE SCHOOL,

        Plaintiff/Counterdefendant-Appellant,

v

ST ANDREW'S EPISCOPAL CHURCH,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
October 27, 2025
8:30 AM

No. 371602
Wayne Circuit Court
LC No. 23-009993-CB

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after defendant terminated plaintiff's lease. The parties entered into a five-year lease in 2013 that allowed plaintiff to use defendant's premises as a school. The lease was extended for a second five-year term that ran from 2017 through 2023. Both leases expressly stated that any improvements to the structure became defendant's property when the lease ended. During the term of the second lease agreement, plaintiff expressed interest in remodeling defendant's facilities to improve the space and add classrooms. The parties subsequently entered into a memorandum of understanding (MOU), which stated, in relevant part:

> The current lease agreement runs until July 31, 2023. The parties will engage in negotiations to extend the lease for another five-year term until July 31, 2028. Financial terms of the extended lease will include: 1) [defendant] will have two options to raise the monthly rent, 10% on each occasion, the first option coming after completion of the first school year in the lease term, the second option occurring after the completion of the third or fourth school year[,] 2) right of first refusal to [plaintiff] if the Diocese of Michigan decides to sell the property . . . .

As the five-year term was nearing its end, the parties began negotiating a lease extension, but could not come to an agreement on its terms. Plaintiff filed suit, alleging that the MOU

required defendant to enter into a new lease with plaintiff at the same monthly rent rate plaintiff was paying under the second lease. Relevant to the issues on appeal, plaintiff asserted claims for breach of contract, unjust enrichment, and promissory estoppel. Defendant moved for summary disposition, which the trial court granted. Plaintiff now appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. In considering such a motion, the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. The motion may only be granted if there is no genuine issue of material fact. *Id*. A genuine issue of material fact exists when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "The existence and interpretation of a contract are questions of law [which are also] reviewed de novo." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

## III. LEASE TERM EXTENSION

Plaintiff raises various allegations of error, all of which originate from the trial court's determination that the MOU did not require defendant to extend the second lease and that defendant validly terminated the lease after plaintiff's default. Plaintiff argues the trial court erred in so determining. We disagree.

As a preliminary matter, the parties disagree about whether the MOU is an enforceable contract. We need not consider this dispute, however, because, even if it is, its terms do not entitle plaintiff to the relief it seeks.

"In interpreting a contract, our obligation is to determine the intent of the contracting parties." *Wells Fargo Bank, NA v Cherryland Mall Ltd Partnership*, 295 Mich App 99, 111; 812 NW2d 799 (2011) (quotation marks and citation omitted). "An unambiguous contractual provision is reflective of the parties' intent as a matter of law." *Id*. (quotation marks, brackets, and citation omitted). "[I]f the contract, although inartfully worded or clumsily arranged, fairly admits but one interpretation, it is not ambiguous." *Id*. (quotation marks and citation omitted). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Moreover, courts must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Wells Fargo Bank, NA*, 295 Mich App at 111 (quotation marks and citation omitted).

Here, the MOU did not promise that the parties' existing lease would be extended for another five-year term. Instead, it merely promised that the parties would "engage in negotiations to extend the lease for another five-year term[.]" The record clearly reflects that the parties engaged in lengthy negotiations to extend the second lease, but did not reach an agreement. Plaintiff's interpretation—that the MOU required the parties to extend the lease for another five-year term—would render the phrase "engage in negotiations" nugatory. Such an interpretation is

irreconcilable with our cannons of contractual interpretation. *Wells Fargo Bank, NA*, 295 Mich App at 111. Even if the MOU is a binding contract, it required nothing more of defendant than to "engage in negotiations" with plaintiff to extend the lease. Defendant fulfilled this duty, and plaintiff had no other enforceable rights under the MOU's plain terms.[1]

Plaintiff alleges that several factual disputes existed that precluded summary disposition. For instance, it points to factual disputes regarding whether the parties had a mutual understanding concerning the rental rate for the potential future five-year extension would be, whether plaintiff's operation of a school on the premises was incompatible with the use of defendant's church,[2] whether plaintiff destroyed defendant's security cameras, and whether plaintiff's students trespassed on defendant's property and misused its bathrooms causing plumbing problems. However, none of these disputed facts are material to the issue of whether plaintiff had an enforceable right under the MOU. Summary disposition under MCR 2.116(C)(10) is precluded if there is a genuine dispute of *material* fact. "Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." *Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 731; 761 NW2d 454 (2008) (quotation marks and citations omitted). Plaintiff's proposed factual disputes are immaterial to the resolution of the issue of whether plaintiff had an enforceable right to a lease extension under the MOU.

Plaintiff's alleged factual dispute concerning the parties' beliefs as to the actual purpose of the MOU is more related to the issue at hand, but nonetheless does not suffice to preclude summary disposition. The provision at issue in the MOU is unambiguous: the parties agreed to *negotiate* to extend the lease. Regardless of any alleged subjective beliefs of the parties, this unambiguous provision "is reflective of the parties' intent as a matter of law." *Wells Fargo Bank, NA*, 295 Mich App at 111 (quotation marks and citation omitted). Accordingly, there were no genuine issues of material fact that precluded summary disposition under MCR 2.116(C)(10), because plaintiff had no enforceable right to an extension under the MOU.

---

[1] Plaintiff contends that defendant did not engage in the negotiations in good faith. Plaintiff alleges, without evidence, that defendant's new leadership wanted to evict plaintiff so that it could rent the property to another school at a higher price. Plaintiff's failure to support its allegation of bad faith renders its argument abandoned. See *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009) ("This Court will not search the record for factual support for a party's claim.").

[2] Plaintiff also argues that defendant did not have grounds to terminate the lease on the basis of incompatible use because no such incompatibility existed. While the trial court did address this issue, it is irrelevant. The second lease's term ended on June 30, 2023. Defendant did not send its termination notice until August 13, 2023. Because the extension negotiations had failed, and the second lease did not automatically renew, defendant did not need to send plaintiff a termination notice. Whether defendant validly terminated the lease on this basis is irrelevant; the lease's term had already ended.

## IV.  UNJUST ENRICHMENT AND PROMISSORY ESTOPPEL

Plaintiff also argues that the trial court erred by failing to consider its arguments relating to unjust enrichment and promissory estoppel.  We disagree.

"To sustain an unjust enrichment claim, a plaintiff must demonstrate (1) the defendant's receipt of a benefit from the plaintiff and (2) an inequity to plaintiff as a result."  *AFT Mich v Michigan*, 303 Mich App 651, 660-661; 846 NW2d 583 (2014).  "[T]o prevent unjust enrichment, the law will imply a contract when the defendant has been inequitably enriched at the expense of the plaintiff."  *Id*. at 661.  "Courts, however, may not imply a contract if the parties have an express contract covering the same subject matter."  *Id*.  The second lease expressly provides that "[a]ll alterations, additions or improvements constituting any part of the structure of the Leased Premises shall become the property of [defendant] at the end of the Term . . . ."  Thus, the parties have an express contract on the same subject matter—plaintiff's payment for alterations—and plaintiff's unjust enrichment claim was unsustainable.  *Id*.

Plaintiff's claim of promissory estoppel similarly lacks factual support.  To sustain a claim of promissory estoppel, a plaintiff must establish that there was:

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. [*Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 83; 854 NW2d 521 (2014) (quotation marks and citation omitted).]

As explained, the plain language of the MOU required only that the parties *negotiate* a lease extension.  Plaintiff's claim of promissory estoppel fails, because neither defendant nor the MOU made a promise to extend the lease on which plaintiff could have reasonably relied.  *Id*.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel